**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4460**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN WARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:15-cr-00067-D-1)

Submitted: April 28, 2017                                          Decided: May 4, 2017

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wes J. Camden, Caitlin M. Poe, WARD & SMITH, PA, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Ward pleaded guilty pursuant to a plea agreement to one count of making false claims against the United States, in violation of 18 U.S.C. § 287 (2012). On appeal, Ward challenges the district court's finding that he was an organizer or leader of the offense that involved five or more persons and the substantive reasonableness of his above-Sentencing Guidelines sentence.[*] Finding no reversible error, we affirm.

The district court's determination that a defendant is an organizer or leader in the offense is a factual finding reviewed for clear error. *United States v. Cameron,* 573 F.3d 179, 184, 186 (4th Cir. 2009). To qualify for the four-level enhancement, a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(a). Factors that distinguish an organizational or leadership role from lesser roles include exercising decision-making authority, the nature of participation in the offense, recruiting accomplices, claiming a larger share of the criminal proceeds, planning or organizing the offense, the nature and scope of illegal activity, and the degree of control and authority over others. USSG § 3B1.1 cmt. n.4. The enhancement "is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." *United States v. Llamas,* 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted). "Leadership over only one

---

[*] We decline to consider whether Ward's appeal waiver bars his claim that the district court erred in finding that he was an organizer or leader of the offense.

other participant is sufficient as long as there is some control exercised." *United States v. Rashwan,* 328 F.3d 160, 166 (4th Cir. 2003). The facts establishing the enhancement must be supported by a preponderance of the evidence. *See United States v. Harvey,* 532 F.3d 326, 337 (4th Cir. 2008). After reviewing the record, we conclude that the district court did not clearly err in finding that Ward was eligible for the four-level increase.

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or of a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350 (2007). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2012). "[A]n appellate court *must* defer to the trial court and can reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008). We conclude that the district court did not abuse its discretion by imposing an above-Guidelines sentence.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*